IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT - 2 2008
J.T. NOBLIN, CLERK
BY_____ DEPUTY

**ROBERT LEE BUCHANAN**                                      **PLAINTIFF**

VS.                                        CIVIL ACTION NO.: 1.08CV1299LG-RHW

**GULFPORT POLICE DEPARTMENT, CITY OF GULFPORT
MAYOR BRENT WARR, officially and in his individual capacity,
CHIEF ALAN WEATHERFORD, officially and in his individual capacity,
CITY COUNCIL PRESIDENT GARY HOLLIMON, officially and in his individual
capacity, CHIEF ADMINISTRATIVE OFFICER, OF THE CITY OF GULFPORT,
JOHN KELLY, officially and in his individual capacity,
DETECTIVE LT. CRAIG PETERSON, officially and in his individual capacity,
OFFICER PAUL PODLIN officially and in his individual capacity, OFFICER
JOSEPH WUEST, officially and in his individual capacity, OFFICER JASON
BRANT officially and in his individual capacity, AND OFFICER RYAN
STACHURA, officially and in his individual capacity, JOHN AND JANE DOES A-
Z, also in their official and individual capacities**
                                                              **DEFENDANTS**

## COMPLAINT
## PLAINTIFF DEMANDS TRIAL BY JURY

COMES NOW the Plaintiff, Robert Lee Buchanan, in the above styled and numbered civil action, by and through his counsel of record, Warren L. Conway, who files this his Complaint against the aforementioned, and for good cause of action against the Defendants. The Plaintiff files this his Complaint which avers and gives notice of the following:

### INTRODUCTION

1. This is a Federal Civil Rights action brought as a result of what the Plaintiff believes to have been a violation of, <u>inter alia</u>, the federal civil constitutional and human rights of Robert Buchanan. On Thursday, July 5, 2007 law enforcement personnel inflicted unnecessary bodily harm upon him through the use of excessive and unreasonable force for no apparent reason. As a direct and proximate consequence Robert Buchanan was tased repeatedly and shot numerous times at the hands of the Gulfport Police Officers causing injuries which resulted in hospitalization for over 55 days. It

is alleged that certain federal statues, to include 42 U.S.C. Sections 1983, 1985, and 1986, together with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated. Therefore, the Plaintiff files this action and prays for the relief set forth in the following paragraphs.

2. This is also a tort/personal injury action brought as a result of what the Plaintiff believes to have been negligence and gross negligence on the part of the Defendants, herein who proximately caused the Plaintiff's injuries. The Plaintiff's claim arose as a direct and proximate consequence of an incident that occurred on or about Thursday, July 5, 2007, in Gulfport, Mississippi.

## STATEMENT OF THE FACTS

3. The Plaintiff's claim arose as a direct and proximate consequence of an incident that occurred on or about Thursday, July 5, 2007, the Plaintiff, Robert Lee Buchanan, had just left Wal-Mart Shopping Center where he purchased a bat. While Mr. Buchanan was at the intersection of Middle Drive and Highway 49, he was approached by several officers demanding he drop the bat on the ground. At the time Mr. Buchannan was approached he had not broken any laws of the City of Gulfport, the state of Mississippi nor of these United States. Nor is he alleged to have broken any statutes, laws or ordinances at this point. Mr. Buchanan was not aware of why the officers were arresting him or demanding he put the bat down, but he did as commanded by the officers and put the bat down. After Mr. Buchannan put the bat down several officers began tasing him for no apparent reason and ultimately he was shot by the officers multiple times.

4. As a result of the incident Mr. Buchanan was transported via ambulance to Memorial Hospital at Gulfport and was treated for multiple gunshot wounds and taser punctures to the chest. Mr. Buchanan was shot four times and has permanently lost a substantial amount of the use of his right arm and has a metal plate placed permanently in his arm. Mr. Buchanan was placed in the intensive care unit for 30 days following the incident and hospitalized for over 55 days.

5. In an effort to cover up their misdeeds the officers has charged Mr. Buchannan with disorderly conduct and simple assault on a law enforcement officer.

## PARTIES

6. The Plaintiff, Robert L. Buchanan, is an adult resident citizen of Adams County, Mississippi.

7. The Defendant, Chief Alan Weatherford, is an adult resident citizen of Gulfport, Mississippi, At all times material hereto this Defendant was the duly elected Chief of Gulfport, Mississippi, vested with the responsibility and authority to hire, train, supervise, set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Gulfport, Mississippi, to include the Plaintiff, Robert L. Buchanan. This Defendant is sued in his official and his individual capacities. He may be served with lawful process at 2810 34th Avenue Gulfport, Mississippi, or by effecting service upon his duly authorized designee.

8. The Defendant, Mayor Brent Warr, was directly responsible for overseeing the administration of the Gulfport Police Department developing, implementing and enforcing policies and procedures regarding the conduct of officers, their training, - hiring and firing, the handling and/or processing of persons being detained, and for protecting the rights, privileges and immunities of every person in the custody of the Gulfport Police Department. He may be served with lawful process at his place of employment 2309 15th Street, Gulfport, Mississippi.

9. The City of Gulfport, is a political subdivision of the state of Mississippi and is the entity responsible for the oversight and funding of the Gulfport Police Department. The Defendant, Gary Hollimon, who is the President of the City Counsel, for the City of Gulfport, Mississippi and/or the Chief Administrative Officer of the City of Gulfport, Mississippi Mr. John Kelly. These Defendants may be served with process at 2309 15th Street, Gulfport, Mississippi.

10. The Defendant, Detective Lt. Craig Peterson, is an adult resident citizen of Gulfport, Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Gulfport Police Department. He maybe served with lawful process at his place of employment at 2810 34th Avenue, Gulfport, Mississippi.

11. The Defendant, Officer Paul Podlin, is an adult resident citizen of Gulfport, Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Gulfport Police Department. He maybe served with lawful process at his place of employment at 2810 34th Avenue, Gulfport, Mississippi.

12. The Defendant, Officer Joseph Wuest, is an adult resident citizen of Gulfport, Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Gulfport Police Department. He maybe served with lawful process at his place of employment at 2810 34th Avenue, Gulfport, Mississippi.

13. The Defendant, Officer Jason Brant, is an adult resident citizen of Gulfport, Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Gulfport Police Department. He maybe served with lawful process at his place of employment at 2810 34th Avenue, Gulfport, Mississippi.

14. The Defendant, Officer Ryan Stachura, is an adult resident citizen of Gulfport, Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Gulfport Police Department. He maybe served with lawful process at his place of employment at 2810 34th Avenue, Gulfport, Mississippi.

15. The Defendants', Unknown John and Jane Does A-Z, identities are not known to the Plaintiff at this time. However, it is believed that they are adult resident citizens of Harrison County, Mississippi and through the discovery process it is believed that their identities will become known and at that time the Plaintiff will seek leave of this Honorable Court to amend his Complaint and identify the unknown persons and serve them with process for wrongs committed and violations against the rights, privileges and immunities of Robert L. Buchanan, all of which it is alleged were committed in their official and individual capacities.

## JURISDICTION

16. The Plaintiff herein invoked the federal question jurisdiction of this Honorable Court pursuant in 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the cost of suit,

including reasonable attorney's fees and damages suffered and sustained by the Plaintiff, Robert L. Buchanan, and caused by the Defendants' blatant violation of the rights, privileges and immunities of Mr. Buchanan as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statues, more particularly, 42 U.S.C., Sections 1983, 1985, 1986 & 1988. Additionally, this Honorable Court has jurisdiction to adjudicate the state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated. Finally, the Plaintiff's action for declaratory and injunctive relief is authorized pursuant to 28 U.S.C. Sections 2201 & 2202.

## VENUE

17. Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

## COUNT I
## ACTION FOR DEPRIVATION OF CIVIL RIGHTS
## (42 U.S.C. SECTION 1983)

18. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

19. At all times material hereto, the Defendants were vested with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of law, the Defendants commenced to implement a policy, custom, usage or procedure wherein the rights, privileges or immunities of Robert L. Buchanan were violated. Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary and excessive force against the Plaintiff thus causing him certain injuries. As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights, privileges, and immunities secured by the United States Constitution, the Mississippi State Constitution, and the laws of this Nation. More specifically, the Plaintiff had his Eighth Amendment Right to be free from cruel and unusual punishment violated while in the custody of the Defendants through the Defendants' use of unreasonable, unnecessary and excessive force causing the Plaintiff to sustain certain severe injuries. Furthermore, the Plaintiff's

Fifth and Fourteenth Amendment Rights to substantive due process and equal protection of the laws were violated as a result of the Defendants' conduct. The violations complained of in this Complaint include, but are not limited to, the use of excessive force, torture, deprivation of identifiable civil rights, i.e., life, liberty, and /or the unnecessary and wanton infliction of pain and inhumane torture in light of the circumstances confronted by the defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by using force and physical violence designed and intended to cause Robert L. Buchanan physical, mental and emotional harm, pain, humiliation and /or injury and thereafter, evidencing deliberate indifference to the immediate, grave and serious condition Mr. Buchanan was left in, resulting in 30 days of unconsciousness in the hospital.

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## (42 U.S.C. SECTION 1985)

20. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.
21. Prior to the time Robert L. Buchanan was accosted the Gulfport Police Officers who eventually arrested him on a misdemeanor charge, certain known (Craig Peterson, Paul Podlin, Joseph Wuest, Jason Brant, Ryan Stachura) and other unknown (John and Jane Does A-Z) members of the Gulfport Police Department's plan was simply to teach Mr. Buchannan a lesson and to cause him to suffer and endure a great deal of pain. This plan culminated in the completion of the agreement and a deprivation of Mr. Buchanan's constitutional rights when he was tased and later shot.
22. There existed at the Gulfport Police Department a belief, practice, usage and/or custom that it was perfectly fine to abuse citizens. Furthermore, once officers began violating Robert L. Buchannan's, constitutional rights by utilizing excessive force, abusing and torturing him, those members of the Gulfport Police Department, who did not intervene to stop the abusive behavior or to report the same, likewise became co-conspirators, aiders and abettors and/or accomplices to the deprivation of Robert L. Buchanan's civil, constitutional and human rights and they are likewise liable for their acts of omission.

## COUNT III
## ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY
## (42 U.S.C. SECTION 1986)

23. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

24. The Defendants knew or reasonably should have known, prior to the shooting incident of the Plaintiff, Robert L. Buchannan and the implementation of the conspiracy to deprive him of his federally protected rights that such activity regularly took place in the Gulfport Police Department. There had been previous incidents of abuse and allegations of unnecessary use of excessive force reported.

25. On information and belief officials of the Gulfport Police Department have received numerous reports of incidents of alleged abuse.

26. However, neither Chief Alan Weatherford, Mayor Brent Warr, nor anyone else in a position of authority to thwart the conspiracy took any action whatsoever to prevent the same from happening. Had these Defendants intervened, the Plaintiff, Robert L. Buchannan, would not have had to endure the abuse at the hands of the officers of the Gulfport Police Department.

27. The Defendants, Gulfport Police Department, City of Gulfport, Mayor Brent Warr, Chief Alan Weatherford, City Council President Gary Hollimon, John and Jane Does, in their - individual and official capacities, either intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Plaintiff, Robert L. Buchannan, and other persons similarly situated, of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred. Consequently, these Defendants are liable for Robert L. Buchannan's, injuries and the deprivations that occurred prior thereto.

## COUNT IV
## FAILURE TO ADEQUATELY TRAIN AND SUPERVISE OFFICERS

28. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

29. The Defendants, Gulfport Police Department, City of Gulfport, Chief  Alan

Weatherford, Chief Administrative officer, John Kelly, President of City Council Gary Holliman, Mayor Brent Warr, in their individual and official capacity failed to provide adequate and competent training and/or supervision to the defendant officers and investigators working on the date in question. The aforementioned Defendants are (and at the time of the shooting of Mr. Buchannan were) tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out by the officers and investigators while employed with the city.

30. As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement and otherwise devise a policy of adequate police training and/ or supervision for its officers, Mr. Buchannan was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every officer within the employ of the City of Gulfport and Chief Alan Weatherford would have known of the illegality of the Defendants' conduct on the date in question and Mr. Buchanan's injuries, and the corresponding deprivation of his civil rights, privileges and immunities would not have happened.

## COUNT V
## NEGLIGENT HIRING, RETENTION AND FAILURE TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

31. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

32. The Defendants, Gulfport Police Department, City of Gulfport, Mayor Brent Warr, Chief Alan Weatherford, City Council President Gary Hollimon, John and Jane Does, in their - individual and official capacities, were vested with the authority to hire, fire, and discipline employees of the Gulfport Police Department.

33. Furthermore, on information and belief, the Plaintiff will show that over the course of the past three years, there have been numerous complaints made about incidents of abuse, excessive use of force, broken ribs, injured eyes, etc., caused by officers of the Gulfport Police Department. The decision by the Defendants Gulfport Police Department, City of Gulfport, Mayor Brent Warr, Chief Alan Weatherford, City Council President Gary Hollimon, John and Jane Does A-Z, in their - individual and

official capacities, to hire, retain and not discipline these officers resulted in the creation of an environment, a hostile environment, that was subject to explode at any time and it did. Unfortunately for the Plaintiff, Robert L. Buchannan, he was within the kill zone when this time bomb exploded. As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective action in the past, regarding officers on the force, the aforementioned Defendants are liable for the unlawful tasing and shooting and corresponding deprivation of rights sustained by the Plaintiff, Robert L. Buchanan.

## COUNT VI
## PENDENT STATE OR SUPPLEMENTAL CLAIMS
### A. BATTERY

34. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

35. After Robert L. Buchanan placed the baseball bat on the ground, the Defendants commenced to tase him with their taser guns inflicting upon him offensive contact to his person. The offensive contact was intended to cause harm to Robert L. Buchanan, and/or to unnecessarily inflict pain, suffering and distress upon his body. Furthermore, the Defendants shot Mr. Buchanan several times without cause.

36. As a direct and proximate consequence of the tasing, i.e., the offensive contact and eventually the gun shots, the Defendants inflicted upon Mr. Buchanan, he was injured to such an extent that he ultimately remained in the hospital for 55 days after the shooting. The offensive contact was intended to cause harm to Mr. Buchannan, and/or to unnecessarily inflict pain, suffering and distress upon his body. Thus, Mr. Buchanan is entitled to a money judgment against the Defendants, both known and unknown, jointly and severally, who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal tasing and shooting inflicted upon Mr. Buchannan.

### B. ASSAULT

37. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

38. The events that give rise to this action that occurred on July 5, 2007 at the intersection

of Middle Drive and Highway 49, created in Mr. Buchanan a reasonable apprehension that the Defendants acting independently and in concert with one another, were going to cause him to suffer or sustain immediate harmful or offensive contact to his person.

39. As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the assault perpetuated upon Mr. Buchanan. Thus, the Plaintiff is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission the illegal assault that was inflicted upon him.

## C. CIVIL CONSPIRACY

40. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

41. On the date in question the Defendants, acting in concert with one another entered into an agreement, expressly or by implication through their joint participation in the tasing and shooting of Mr. Buchannan engaged in conduct that was wrongful, intentional, willful and wanton and designed to inflict upon Mr. Buchanan certain harm, suffering and pain the likes of which can be compared only to episodes of barbaric torture. The Defendants agreement to engage in such conduct was illegal and amounted to a civil conspiracy against Mr. Buchanan.

## D. BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

42. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

43. The Defendants failure and/or refusal to provide Robert L. Buchannan with prompt, proper, professional, and necessary medical care at a time when the same was absolutely essential constituted a breach of a non-delegable and/or fiduciary duty owed to Mr. Buchannan and other persons similar situated.

## E. THE COMMON LAW TORT OF OUTRAGE

44. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

45. The Defendants overall conduct on the date in question was so outrageous that it

shocks the moral and legal conscience of the community. This outrageous conduct resulted in Mr. Buchanan being placed in the intensive care unit for 30 days and the loss of a substantial amount of the use of his right arm. The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority the likes of which we have not seen since the death of Emmet Till in 1955 in South Mississippi however more recently seen in the death of Jessie Lee Williams at the hands of the Harrison County Sherriff's Department.

46. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct as the same resulted in the 30 day stint in the intensive care unit and consequently the substantial amount of loss of the use of his right arm. Thus, Mr. Buchannan is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward Mr. Buchannan.

### F. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

48. The Defendants conduct was designed to not only inflict physical pain and suffering upon the Plaintiff, but also emotion and mental anguish and distress on the date in question and it did just that according to the reaction of the Plaintiff when he speaks of the events of this atrocity. The manner, method and design of the Defendants' conduct caused the Plaintiff to endure enormous emotional and mental distress and anguish.

49. As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the defendants are jointly and severally liable to the Plaintiff for the intentional infliction of emotional distress and mental anguish inflicted upon the person of the Plaintiff. Thus, the Plaintiff is entitled to a money judgment against the defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetuated upon the Plaintiff.

## G. SLANDER AND SLANDER PER SE

50. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

51. The Defendants, Chief Alan Weatherford and other unknown officers of the City of Gulfport Police Department, made certain false, slanderous and defamatory statements to the media, the general public and to medical personnel transporting the injured, Robert L. Buchannan, to the emergency room for treatment of his injuries sustained at the hands of the Defendants. The statements regarding the Plaintiff, being on "drugs" were wholly false and the Defendants making these statements knew or reasonably should have known that the statements were false and untrue at the time they were made.

52. Furthermore, the statements complained of were not privileged and the same were made with malice and in an attempt to injure the Plaintiff and/or as part of a cover up of what actually happened on the evening of July 5, 2007. The statements made by these Defendants about the Plaintiff, Robert L. Buchannan, were not the product of innuendo, speculation or conjecture.

53. The statements made by the Defendants are actionable *per se* because the same suggest that the Plaintiff, Robert L. Buchannan, engaged in certain improper or illegal conduct thus justifying the tasing and shooting he received at the hands of the Defendants and ultimately implying that he caused his own injuries.

54. As a direct and proximate consequence of the slanderous statements made by the Defendants as referenced above, the Plaintiff, Robert L. Buchanan, was actually damaged and/or injured.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff, Robert L. Buchanan, respectfully prays that upon filing of this Complaint, the Court shall issue process to the Defendants and advance this matter on the trial docket so that it may be properly disposed of on the merits. The Plaintiff further prays that he will be granted and/or awarded a judgment against the Defendants for compensatory damages in an amount to be determined by a jury of his peers, but not less than $25,000,000.00 against each such individual Defendant jointly and severally. Furthermore, the Plaintiff, Robert L. Buchanan, prays that he will be granted and/or

awarded a judgment against the Defendants for punitive or exemplary damages in an amount to be based upon the aforementioned Defendants' net worth to be proven at trial, and determined by a jury but not less than $100,000,000.00 against each such individual Defendant. Finally, the Plaintiff prays that this Court will grant or award him a judgment against the Defendants jointly and severally for the Plaintiff's reasonable attorney's fees, expenses, and costs incurred in the prosecution of this matter. The Plaintiff prays for such other relief the Court deems proper, appropriate, and equitable.

Respectfully submitted the ___ day of October 2008.

ROBERT L. BUCHANAN

By _____
WARREN L. CONWAY
ATTORNEY FOR THE PLAINTIFF

WARREN L. CONWAY
CONWAY & MARTIN
ATTORNEYS AT LAW
1600 24TH AVENUE, SUITE B
P. O. BOX 757
GULFPORT, MS 39502-0757
E-mail: wconway@conwaymartin.com
Phone: (601) 863-3183
Fax: (228) 863-3379
MS BAR NO. 6480

CERTIFICATE

I, WARREN L. CONWAY, do hereby certify that I have this day forwarded a copy of the same to the following:

Mayor Brent Warr
2309 15th Street
Gulfport, Mississippi
mayor@ci.gulfport.ms.us

Chief Alan Weatherford
2810 34th Avenue
Gulfport, Mississippi 39501
aweatherford@ci.gulfport.ms.us

City Council President, Gary Hollimon
2309 15th Street
Gulfport, Mississippi 39501
ghollimon@ci.gulfport.ms.us

Chief Administrative Officer, John Kelly
2309 15th Street
Gulfport, Mississippi 39501
jkelly@ci.gulfport.ms.us

Detective Lt. Craig Peterson
2810 34th Avenue
Gulfport, Mississippi 39501
jbruni@ci.gulfport.ms.us

Officer Paul Podlin
2810 34th Avenue
Gulfport, Mississippi 39501
jbruni@ci.gulfport.ms.us

Officer Joseph Wuest
2810 34th Avenue
Gulfport, Mississippi 39501
jbruni@ci.gulfport.ms.us

Officer Jason Brant
2810 34th Avenue
Gulfport, Mississippi 39501
jbruni@ci.gulfport.ms.us

Officer Ryan Stachura,
2810 34th Avenue
Gulfport, Mississippi 39501
jbruni@ci.gulfport.ms.us

John and Jane Does A-Z,
2810 34th Avenue
Gulfport, Mississippi 39501
jbruni@ci.gulfport.ms.us

SO CERTIFIED this 2nd day of October, 2008.

By: _____
WARREN L. CONWAY
Attorney for Plaintiff

Warren L. Conway
Conway & Martin, Attorney at Law
1600 24th Avenue, Ste. B
P. O. Box 757
Gulfport, MS 39502-0757
Tel: (228) 863-3183
Fax (228) 863-3379
Bar No. 6480