IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LYDIA BUCHANAN, CONSERVATOR OF THE PERSON
AND ESTATE OF ROBERT LEE BUCHANAN,                                     PLAINTIFF

VS.                                             CIVIL ACTION NO. 1:08CV01299LG-RHW

GULFPORT POLICE DEPARTMENT, CITY OF GULFPORT,
MAYOR BRENT WARR, officially and in his individual capacity,
CHIEF ALAN WEATHERFORD, officially and in his
individual capacity, CITY COUNCIL PRESIDENT GARY
HOLLIMON, officially and in his individual capacity, CHIEF
ADMINISTRATIVE OFFICER OF THE CITY OF GULFPORT
JOHN KELLY, officially and in his individual capacity, DETECTIVE
LT. CRAIG PETERSON, officially and in his individual capacity,
OFFICER PAUL PODLIN, officially and in his individual capacity,
OFFICER JOSEPH WUEST, officially and in his individual capacity,
OFFICER JASON BRANT, officially and in his individual capacity,
OFFICER RYAN STACHURA, officially and in his individual capacity,
And JOHN AND JANE DOES A-Z, also in their official and individual
capacities                                                              DEFENDANTS

## RESPONSE TO MOTION TO STRIKE DR. HOWARD KATZ AS AN EXPERT WITNESS

COMES NOW the Plaintiff, Lydia Buchanan, Conservator of the Person and Estate of Robert Lee Buchanan, by and through undersigned counsel and files this Response to Motion to Strike Dr. Howard Katz as an Expert Witness, and in support thereof states as follows:

1.     As has been argued before this Court at length, Robert Buchanan has a nearly thirty (30) year history of mental illness, beginning after his return from United States armed forces deployment in Vietnam.  Mr. Buchanan returned from the war 'shell shocked' and was treated for post-traumatic stress syndrome and paranoid schizophrenia.  His illnesses have been well documented throughout his medical records.  The events

1

described in the original complaint have drastically exacerbated Mr. Buchanan's mental illness and numerous severe physical and psychological problems. Mr. Buchanan believes the 'people' in Gulfport implanted a chip in his mind and are attempting to control his thoughts.

2. Plaintiff now seeks leave to designate Dr. Howard T. Katz as an expert to testify at trial.

3. Plaintiff also requests additional time for the Defendants to designate rebuttal witnesses or expert testimony, out of fundamental fairness to the parties and to the extent they so choose.

4. In considering whether to allow for the designation of Dr. Katz 'out of time', this Court should balance the four factors outlined in *Geiserman v. MacDonald,* 893 F.2d 787 (5th Cir.1990). The factors are (1) The explanation for the failure to identify the witness; (2) The importance of the testimony; (3) Potential prejudice in allowing the testimony; and (4) The availability of a continuance to cure any prejudice. Plaintiff will address each factor separately.

### (1) - Explanation for Failure to Identify

5. Communicating with Mr. Buchanan has been a challenge like none other. Despite numerous conversations with undersigned counsel, his conservator and other family members explaining court orders, deadlines and the necessity for what has been set up on his behalf, Mr. Buchanan's mental illness has caused him to fail to appear for scheduled meetings, doctors' appointments and depositions time and time again.

6. In the initial expert designation, Plaintiff reserved the right to call all persons identified in documents by Plaintiff or Defendants to the extent such opinions constitute

expert opinion testimony. At that time, Plaintiff's counsel had worked diligently to secure an appointment for Mr. Buchanan to be reviewed by an independent medical examiner to review his condition, to no avail. Thus, Plaintiff was only able to reference but not specifically identify the expert opinion testimony under the prior case management order deadline.

7.     Plaintiff's counsel was finally able to secure an appointment for Mr. Buchanan with Dr. Howard Katz. Dr. Katz is a board certified independent medical examiner and one of the South's most revered physical medicine and rehabilitation specialists. After Plaintiff's counsel literally drove to find Mr. Buchanan and was able to physically escort him to Jackson, he was seen and evaluated by Dr. Katz on September 19, 2011.

8.     Plaintiff's supplemental discovery responses, filed pursuant to the previous case management order discovery deadline in place, identified Dr. Katz as a potential trial witness. At that time, Plaintiff produced a copy of Dr. Katz' curriculum vitae, a statement of the compensation to be paid for the study and testimony in this case, a list of his qualifications, a list of all publications he has authored in the previous ten (10) years, and a list of all other cases in which he testified as an expert at trial or by deposition during the previous four (4) years. Plaintiff also stated Dr. Katz' report had not yet been dictated, but as soon as it was received by undersigned counsel a copy would be forwarded to all counsel of record. Undersigned counsel received the report and transmitted it to all parties on October 31, 2011.

9.     Dr. Katz is a witness that has been 'identified in documents' by Plaintiff or Defendants. Plaintiff contends his report (and potential testimony at trial) constitutes the 'expert opinion testimony' referenced by Plaintiff in its original expert designation. As

Mr. Buchanan's mental and physical health deteriorate by the day, and as his treatment needs constantly evolve, Plaintiff requests this Court to use its considerable discretion in allowing for the designation of Dr. Katz to testify at trial

### (2) - Importance of the Testimony

10. Dr. Katz' testimony is critical to the Plaintiff in meeting its burden of proof by establishing the elements of Mr. Buchanan's currently existing and future damages in this case.

11. Defendant's experts will certainly argue Mr. Buchanan has not suffered significant damage from the incident described in the complaint; Plaintiff must be able to rebut this argument with qualified, respected and sound expert testimony. Dr. Katz saw and evaluated Mr. Buchanan based upon his chief complaints as they existed a little over a month ago. He is qualified, experienced and capable of providing relevant and reliable information to aid in the jury's determination of Mr. Buchanan's damages.

### (3) - Potential Prejudice in Allowing the Testimony

12. Plaintiff's argument that no prejudice will be suffered by the Defendants if the Court allows the testimony of Dr. Katz at trial is four-fold.

13. First, as of today's date the Plaintiff has already provided the entire substance of Dr. Katz' expert designation under Fed.R.Civ.P. 26(b)(4), including a complete statement of all opinions he will express, the basis and reasons for them, the data and other information he considered in forming them and the exhibits he may use to summarize or support them, as contained in timely filed supplemental discovery responses.

14. Next, the trial setting of this matter has been continued to a trial term beginning July 9, 2012, over eight (8) months away.

15. Additionally, Fed.R.Civ.P. 26(a)(2)(C)(i) contemplates the disclosure of expert testimony in cases absent stipulation or court order ninety (90) days before the date set for trial.

16. Lastly, the relief requested in this Motion specifically includes additional time for the Defendants to designate additional experts or file rebuttal opinions of their own.

### (4) - Availability of a Continuance to Cure Any Prejudice

17. As was stated herein, this matter has been continued from its original March 5, 2012 trial term to a trial term beginning July 9, 2012, over eight (8) months away. Any potential prejudice that may remain is cured by this continuance and by allowing for the retention of rebuttal expert witnesses by the Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Court enter an Order denying Defendants' Motion to Strike Dr. Howard T. Katz as an Expert Witness. Furthermore, Plaintiff would request this Court enter an Order establishing new expert designation deadlines for the benefit of Plaintiff and Defendants. In the alternative, Plaintiff respectfully requests this Court enter an Order granting it leave to designate Dr. Howard T. Katz as an expert to testify at trial, and for additional time for the Defendants to designate rebuttal witnesses or expert testimony. Plaintiff requests any and all other relief this Court deems just.

This the 8th day of November, 2011.

Respectfully submitted,

**LYDIA BUCHANAN, CONSERVATOR OF THE PERSON AND ESTATE OF ROBERT L. BUCHANAN**

BY: __/s/ Thomas J. Bellinder_____
        Thomas J. Bellinder

**Of Counsel:**
Dennis C. Sweet, III, MSB # 8105
Thomas J. Bellinder, MSB # 103115
SWEET & ASSOCIATES
158 E. Pascagoula St.
Jackson, MS  39201
601-965-8700 Telephone
601-965-8719 Fax

and

Warren L. Conway, Esq.
CONWAY & MARTIN, PC
Post Office Box 757
Gulfport, Mississippi 39502-0757
wconway@conwaymartin.com
Phone:  228-863-3183
Fax:  228-863-3379

## CERTIFICATE OF SERVICE

I, Thomas J. Bellinder, attorney for Plaintiff, do hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing with the Clerk of the Court using the ECF system, which should send notification of same to the following:

> Jeff Bruni
> Office of the City Attorney
> P.O. Box 1780
> Gulfport, MS 39502
>
> William E. Whitfield , III
> Kaara Lena Lind
> James Welch
> COPELAND, COOK, TAYLOR & BUSH, P.A.
> P O Box 10
> Gulfport, MS 39502-0010

This the 8th day of November, 2011.

　　　　　　　　　　　　　　　　　　　　  /s/ Thomas J. Bellinder _____
　　　　　　　　　　　　　　　　　　　　Thomas J. Bellinder