UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LYDIA BUCHANAN                                                                                    PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 1:08CV1299-LG-RHW

GULFPORT POLICE DEPARTMENT et al                                              DEFENDANTS

### ORDER DENYING MOTION TO EXTEND and GRANTING MOTION TO STRIKE

Before the Court is Plaintiff's [196] Motion to Extend Case Management Deadlines and Defendants' related [197] Motion to Strike Dr. Howard Katz as Expert Witness.  Plaintiff's expert witness designations were due on May 2, 2011.  On October 21, 2011, Plaintiff identified for the first time Dr. Howard Katz as an expert witness.  Plaintiff did not serve Dr. Katz's report until October 31, 2011.  Plaintiff seeks to extend the deadline for designating experts in order to accommodate the late designation of Dr. Katz.  Defendant argues that this designation is untimely and prejudicial;  therefore, it should be stricken.

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the Court to control and expedite pretrial discovery through a scheduling order.  The trial court is afforded broad discretion to preserve the integrity and purpose of the pretrial order.  *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Rule 16(b)(4) further provides that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *See Southwestern Bell Tele. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and

Procedure § 1522.1 (2d ed. 1990)).  This Court is directed to examine the following four factors when enforcing a deadline for expert designations:  (1) the explanation for the failure to identify the witness;  (2) the importance of the testimony;  (3) potential prejudice in allowing the testimony;  and (4) the availability of a continuance to cure such prejudice.  *Id.* at 791; *see also Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).  A trial court has the discretion to bar an expert's testimony based upon the untimely designation of an expert.  *See Hamburger v. State Farm Mutual Automobile Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004).

      Plaintiff explains that Robert Lee Buchanan's 30-year history of mental illness is well documented and that it has posed a communication challenge for Plaintiff's counsel.  Plaintiff further asserts that Buchanan's mental illness has caused him repeatedly to fail to appear for scheduled meetings, doctors' appointments, and depositions.  Dr. Katz is listed as a physical medicine and rehabilitation specialist who examined Plaintiff on September 19, 2011, and then generated a report based on this examination on October 31, 2011.  Plaintiff argues that Dr. Katz' testimony is critical to meeting Plaintiff's burden of proof based on his recent evaluation of Buchanan.  Plaintiff further argues that there is no prejudice because Plaintiff has now provided the entire substance of Dr. Katz's designation; the trial setting is not until July 9, 2012; and Defendants can be allowed to designate additional experts or file rebuttal opinions in the interim.

      The Court finds that Plaintiff's request for extension should be denied and that Dr. Katz should be stricken as an expert witness.  Although Dr. Katz did not examine Buchanan until September 19, 2011, and Plaintiff's counsel asserts that there have been communication problems with Buchanan, this does not explain Plaintiff's failure to timely bring the issue of Dr. Katz's potential designation as an expert to the attention of the Court or the Defendants in a more timely

fashion. *See Barrett v. Atlantic Richfiled Co.*, 95 F.3d 375, 381 (5th Cir. 1996)("the claimed importance of Plaintiffs' expert testimony merely underscores the need for Plaintiffs to have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible."). Assuming that Plaintiff had identified Dr. Katz at least as a potential expert on or before the expert designation deadline, Plaintiff had several procedural options at that time: (1) seek a continuance of the expert designation deadline; (2) identify Dr. Katz as an expert and later supplement the designation with a full report; or (3) request the opportunity to designate Dr. Katz out of time. Instead, Plaintiff waited until five months beyond the deadline before identifying Dr. Katz as an expert without any explanation for this post-deadline attempt to designate. *See Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998)(concluding that trial court abused its discretion in part because it failed to exclude late designated expert where the expert's proponent failed to offer any evidence for its failure to designate in a timely fashion); *Barrett*, 95 F.3d at 380-81 (upholding exclusion where party failed to give the trial court advance warning of problems with expert designation). Thus, although Plaintiff's counsel may have had communication problems with Buchanan, and even though Buchanan has missed other appointments, these complicating factors should not have prevented Plaintiff from identifying Dr. Katz as an expert in a more timely fashion or at least informing the Court of any difficulties in complying with the expert designation deadline as it related to Dr. Katz. The Court finds Plaintiff's explanation for the failure to timely designate weighs in favor of Defendants.

     Plaintiff asserts, but with no substantive explanation, that Dr. Katz's testimony is critical for establishing the elements of his cause of action. The Court finds Plaintiff's conclusory

explanation to be insufficient.  On August 2, 2010, Plaintiff identified fourteen physicians, three dentists, and one psychologist as expert witnesses.  *See* dkt. entry [17].  In a supplemental discovery response, Plaintiff also has identified Dr. Timothy Summers, a psychiatrist, to testify regarding the effect of shooting incident on Buchanan.  Plaintiff fails to explain with any specificity, why Dr. Katz's testimony is "critical" to his case, especially in light of the numerous other medical experts that already have been identified.  Thus the Court finds that this factor weighs in Defendants' favor.

The potential for prejudice also weighs in Defendants favor.  Defendants designated experts on September 30, 2011, pursuant to the "Text Only Order" of August 24, 2011.  Thus, Defendants were not aware of Dr. Katz's expert opinions until after Defendants already had designated their experts.  This despite the fact that Dr. Katz apparently examined Plaintiff on September 19, 2011, prior to the Defendants' expert designation.  As a tactical matter, Plaintiff's expert had the benefit of Defendants' experts' opinions prior to generating his own expert report.  Moreover, to allow Dr. Katz to testify as an expert would put the Defendants to the additional time and cost of designating additional experts or procuring supplemental expert reports to rebut Dr. Katz's opinions.

Although a further continuance of the scheduling order deadlines and the trial setting are available as possible remedies, the Court finds that this factor alone does not justify allowing the untimely designation of Dr. Katz.  The Court is reluctant to grant any further continuances in light of the many delays and continuances that already have occurred.

IT IS THEREFORE ORDERED AND ADJUDGED that the [196] Motion to Extend Case Management Order Deadline is DENIED, and the [197] Motion to Strike Dr. Howard Katz

as Expert Witness is GRANTED.

SO ORDERED, this the 16th day of December, 2011.

                                                      s/ *Robert H. Walker*
                                                      UNITED STATES MAGISTRATE JUDGE